UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

CARMEN HUNTER, individually,   )
CARMEN HUNTER, as agent in fact, of   )
TRUCILLA A. GALLOWAY   )
    Plaintiff,   )
       )
v.   )
       )
       )
       )
       )
JACKSONVILLE HOUSING AUTHORITY )
    Defendant.   **)**
       **)**
_____/   )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CARMEN HUNTER, individually (hereinafter known as "HUNTER"), and CARMEN HUNTER, agent-in-fact, of TRUCILLA A. GALLOWAY (hereinafter known as "GALLOWAY") hereby sues Defendant, the JACKSONVILLE HOUSING AUTHORITY ("JHA") and alleges as follows:

## NATURE OF ACTION

1. This action is brought under Title II of the Americans with Disabilities Act, as amended, and Florida Statute 709.08, to redress Defendant's unlawful denial of recertification status to Ms. Galloway, subsequent denial of benefits to Ms. Galloway, failure to reasonably honor the validly executed Power of Attorney, and failure to provide a reasonable accommodation of Galloway's disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343.

3. Defendant's unlawful conduct was committed within the jurisdiction of the Jacksonville Division of the United States District Court for the Middle District of Florida.

## PARTIES

4. Hunter resided in and is a citizen of Duval County, Florida at all times material to this action.

5. Hunter is the biological daughter of the Trucilla Galloway.

6. Galloway suffers from dementia, plus Alzheimer's and has named her daughter, Carmen Hunter as her agent in fact, through the granting of a duly executed Power of Attorney a copy of which is attached hereto as Exhibit A.

7. At all times material hereto Ms. Galloway is a "qualified individual with a disability" under the Americans with Disabilities Act of 1990.

8. Galloway at the time of the filing of this action is resides in Jacksonville, Florida with her daughter, Carmen Hunter.

9. Defendant, JHA is responsible for administering various low-income housing projects in the Jacksonville Area.

## FACTUAL BACKGROUND

10. Ms. Galloway participated in a section 8 program under the United States Housing Act of 1937.

11. The Section 8 program is authorized and governed by the United States Housing Act of 1937, as amended, 42 U.S.C. 1437 et seq. (hereinafter, "the Housing Act"), with the purpose of aiding low-income families in obtaining a decent and affordable place to live.

12. The Section 8 program is funded by the United States Department of Housing and Urban Development (hereinafter, "HUD").

13. The Section 8 program is administered locally by Jacksonville Housing Authority ("JHA")

14. With funds provided by HUD pursuant to the Housing Act, JHA provides Section 8 rental assistance to eligible Section 8 participants by making rent payments to the participants' landlords on the participants' behalf.

15. The Section 8 program and JHA's local administration of the Section 8 program are governed by 42 U.S.C. 1437d and 1437f(o) and other sections of the Housing Act, as well as federal regulations promulgated by HUD pursuant to the Housing Act, including, but not limited to, the regulations found at 24 C.F.R. Part 982.

16. Ms. Galloway received Section 8 housing through HUD, which enabled her to stay at Brookwood Forest, an apartment complex in Jacksonville, Florida.

17. Title II of the Americans with Disabilities Act (ADA) prohibits discrimination on the basis of disability in all of a public entity's services, programs, and activities. 42 U.S.C.S. § 12132; 28 C.F.R. § 35.130(a). Coverage broadly includes the countless programs, services, and activities of public schools and state and local education departments and agencies. 42 U.S.C.S. § 12131; 28 C.F.R. § 35.104. The requirements under Title II of the ADA to make "reasonable modifications of policies, practices, and procedures,"

18. Furthermore, A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would

fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

19. In order to state a Title II claim, a plaintiff generally must prove (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

20. Ms. Trucila Galloway is diagnosed with dementia, and Alzheimer's.

21. At all times relevant to this action Galloway (a) suffered from one or more physical impairments which substantially limits one or more major life activities, (b) has a record of being disabled, and/or (c) was perceived by Defendant's as substantially limited in one or more major life activities. Specifically Ms. Galloway suffers from dementia, which has the following physical and psychological symptoms: Personality changes, depression, anxiety, inappropriate behavior, paranoia, agitation, hallucinations, memory loss, which is usually noticed by a spouse or someone else, difficulty communicating or finding words, difficulty with visual and spatial abilities, such as getting lost while driving, difficulty reasoning or problem-solving, difficulty handling complex tasks, difficulty with planning and organizing, difficulty with coordination and motor functions, confusion and disorientation.

22. Ms. Hunter held a duly executed, valid Power of Attorney.

23. On July 10th, 2017 JHA sent to Ms. Galloway a recertification checklist that specified a number of documents that Ms. Galloway would have to provide by July 31st, 2017.

24. On July 31st, 2017 Ms. Galloway stated that she intended on renewing her lease and provided the required recertification packet. Through Ms. Hunter she informed JHA that she could not get the required paperwork, as Ms. Galloway was unable to secure from her old bank, past statements, but that she had the past 3 months' worth of statements from her new bank.

25. On July 31st, 2017 Ms. Hunter sent JHA a copy of the Appointment of Designated Representative for Trucilia Galloway, a copy of which is attached hereto as Exhibit B.

26. Sometime later, Ms. Galloway was sent two notices from JHA, both of which were received on the same day.  The first stated that Ms. Galloway would have to show up for an appointment to meet with JHA so that her eligibility could be recertified.  The second notice specified that Ms. Galloway had missed her appointment and that she would not recertified for eligibility for Section 8 Housing.

27. On October 18th, 2017 Ms. Hunter, on behalf of Ms. Galloway sent Mrs. Laverne Tubas, explaining that she was appealing the decision to cancel Ms. Galloway's section 8 assistance for failure to appear for the recertification interview.  Specifically, Ms. Hunter stated that both the interview letter, and the letter notifying Ms. Galloway of the cancellation of assistance were received on the same day, and thus it was impossible to comply with the request for an interview.

28. Despite being given the Power of Attorney, and form designating Ms. Hunter as the designated representative, JHA did not provide Ms. Hunter any notice about the interview date, or the subsequent cancellation.

29. HUD refused to recertify Ms. Galloway's eligibility for Section 8 Housing, because according to HUD she failed to keep an appointment for a recertification meeting

30. Despite knowing that Ms. Galloway suffered from debilitating mental illness, JHA refused to accommodate Ms. Galloway in changing their practices and procedures by giving Ms. Hunter adequate notice to ensure that Ms. Galloway would be present for the recertification interview.

31. HUD's compliance with the nondiscrimination requirements of the ADA is a condition of its compliance with Section 504.

32. HUD discriminated against Plaintiff solely on the basis of disability in violation of title II and Section 504 because it failed to provide Plaintiff with required accommodations, *i.e.,* it failed to make required "reasonable modifications to rules, policies, or practices" and it failed to provide required "auxiliary aids and services."

33. These failures by HUD to provide Plaintiff with required accommodations was intentional and proximately caused Plaintiff economic and non-economic damages.

34. JHA unreasonably refused to honor Ms. Galloway's duly executed Power of Attorney, and thus neither Carmen Hunter, or Ms. Galloway received notice of the recertification interview.

35. Plaintiffs has performed all conditions precedent necessary to the maintenance of this action.

36. Plaintiffs has been damaged by Defendant's illegal conduct and, as a result has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I- CLAIMS FOR RELIEF UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND THE DECLARATORY JUDGEMENT ACT-

37. This is an action seeking compensatory damages, injunctive relief, and declaratory relief under title II of the Americans with Disabilities Act of 1990, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

38. Plaintiff realleges all allegations contained in paragraphs 1-19, 21-33, and 35-36 as if fully set forth in this count and incorporates them by reference.

39. JHA intentionally discriminated against Plaintiff, Galloway solely on the basis of her disability in violation of the ADA and the regulations thereunder.

40. As a direct and proximate result of JHA's intentional discrimination against Plaintiff, Galloway solely on the basis of her disability in violation of the ADA, Galloway suffered a violation of her civil liberties.

41. As a result of JHA's intentional discrimination based solely on Plaintiff's disabilities, it is liable to Plaintiff, Galloway for compensatory damages, injunctive relief, and declaratory relief.

42. JHA is liable to Plaintiff for her reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 12133.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide training for individuals and which eradicate the effects of its past and present unlawful practices;

B. Grant a judgment requiring Defendant to recognize Carmen Hunter the duly appointed Power of Attorney for Trucilla Galloway.

C. Grant Plaintiffs their costs and an award of reasonable attorney's fees (including expert fees); and

D. Any other relief the Court deems equitable and necessary.

## COUNT II- CLAIMS FOR RELIEF FOR VIOLATIONS OF FLORIDA STATUTE 709.08

43. This is an action seeking compensatory damages, injunctive relief under Florida Statute 709.08 for failure to reasonably allow a duly authorized attorney in fact to follow a duly authorized, valid Power of Attorney.

44. Plaintiff realleges all allegations contained in paragraphs 1-6, 8-16, 20, 22-29, 34-36 as if fully set forth in this count and incorporates them by reference.

45. JHA was presented with a valid, executed, unrevoked, power of attorney by Carmen Hunter, which JHA unreasonably refused.

46. This refusal cause Ms. Galloway to be unable to recertify the documents required by JHA to continue to receive section 8 housing.

47. Plaintiffs demand their attorney's fees and costs pursuant to Florida Statute 709.08(11)

**WHEREFORE**, Plaintiffs requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of 709.08(11)) and order Defendant to institute policies, practices and programs which provide training for individuals and which eradicate the effects of its past and present unlawful practices;

B. Grant a judgment requiring Defendant to recognize Carmen Hunter the duly appointed Power of Attorney for Trucilla Galloway allowing Ms. Hunter to recertify Ms. Galloway's housing needs from JHA.

      C. Grant Plaintiffs their costs and an award of reasonable attorney's fees (including expert fees); and

      D. Any other relief the Court deems equitable and necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

                                       **POSTILLION LAW GROUP, LLC**

                        By**:**    **/s/ Christopher J. Kinnaman, Esquire**
                                             Christopher J. Kinnaman, Esquire
                                                    Florida Bar No.:0114609
                                                    Chris@Postillionlaw.com
                               12724 Gran Bay Parkway West, Suite 410
                                           Jacksonville, Florida 32258
                                           Telephone: (904) 615-6621
                                             Facsimile (888) 399-6710
                                               Counsel for Plaintiff